UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

PAUL PALMER,
                        Petitioner,

      - vs. -                             9: 07-CV-0360
                                            (DNH)(GHL)

HAROLD McKINNEY,
                        Respondent.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:

PAUL PALMER, 86-A-2422
Petitioner, *pro se*

DAVID N. HURD
United States District Judge

## DECISION and ORDER

The Clerk has sent the Court a Petition for a Writ of Habeas Corpus by petitioner Paul Palmer pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Petitioner is confined at Mt. McGregor Correctional Facility, and has paid the filing fee for this action.

In his petition, petitioner complains of a judgment of conviction rendered in Rensselaer County Court on January 12, 1989, wherein a jury found him guilty of Robbery in the First Degree and Burglary in the First Degree. Dkt. No. 1 at 1. Petitioner was sentenced to a term of 12 ½ to 25 years imprisonment. *Id*.

Petitioner raises two separate and distinct claims in his petition. His first claim – that the trial court forfeited subject matter jurisdiction when it constructively and impermissibly amended the grand jury indictment – challenges the actual legality of his sentence. Dkt. No. 1 at 17. Petitioner next alleges that the case summary contained in his prison records includes a reference to his victim's death even though he was acquitted

of murder. As a result, his security classification is higher than it should be. *Id*. at 18. This claim challenges the execution of petitioner's sentence. The Court will address each claim separately, beginning with the challenge to the execution of petitioner's sentence.

### I. Challenge to execution of sentence

Petitioner alleges that despite the fact that he was acquitted of the charge of murder, his inmate records refer to the fact that someone died during the commission of his crimes. Dkt. No. 1 at 18. He claims that this information has increased his security classification, which in turn is preventing him from being placed in a less restrictive level of confinement and will impact his parole review. *Id*.

Section 2254 of Title 28 of the United States Code provides, in relevant part:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --

    (A)    the applicant <u>has exhausted the remedies available in the courts of the State</u>. . .

28 U.S.C. § 2254(b)(1)(A) (emphasis added). This statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies." *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir. 1982) (en banc). The exhaustion doctrine provides that "a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." *Id*. at 191 (citations omitted); *Thomas v. Scully*, 854 F.Supp. 944, 950 (E.D.N.Y. 1994) ("a federal court may not review the substantive merits of an applicant's claims for collateral

relief unless 'the applicant has exhausted the remedies available in the courts of the State.'") (quoting *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).  This requirement that federal courts not exercise habeas review unless the state courts have first had an opportunity to consider and correct any violation of federal law "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye*, 696 F.2d at 192 (citations omitted).  "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court."  *Id*. (footnote omitted).

In this case, it appears that petitioner has not made any efforts in state court, to exhaust his claim relating to the execution of his sentence.  To date it appears that he has only forwarded letters of complaint to various Department of Corrections ("DOCS") employees and filed an internal DOCS grievance regarding the matter.  Dkt. No. 1-1 at 48-59 and 70-73.  However, he makes no mention of the filing of any state court proceedings - *e.g.,* an Article 78 proceeding, N.Y.C.P.L.R. 7801 *et seq.,* or any attempts to present his claims regarding his alleged erroneous inmate records to the state courts.  Accordingly, because petitioner must first exhaust all available state court remedies before the court may grant the petition, this portion of his habeas petition (Ground Two) is dismissed without prejudice to refiling this claim in a separate action after he has fully exhausted his state court remedies.

## II. **Challenge to the conviction**

Petitioner has also challenged his actual convictions for Robbery in the First Degree and Burglary in the First Degree in Rensselaer County Court on January 12, 1989. He claims that the trial court lacked subject matter jurisdiction to convict him of the crimes charged because the trial judge constructively amended the grand jury indictment during the course of jury deliberations. Dkt. No. 1 at 17. Petitioner has filed two previous habeas petitions challenging the January 12, 1989 convictions, both of which were denied and dismissed on the merits. *See Palmer v. LeFevre*, 6:95-CV-0811 (LEK)(GJD) and *Palmer v. Fisher*, No. 9:02-CV-1074 (DNH)(GJD). Because this is the ***third*** habeas petition petitioner has filed in this Court regarding his convictions for First Degree Robbery and First Degree Burglary in Rensselaer County Court on January 12, 1989, the Court must look to the AEDPA to determine the proper course of action. Various sections of the United States Code which govern habeas corpus proceedings in federal courts were amended as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In light of the AEDPA, 28 U.S.C. § 2244(b) requires individuals who seek to file a second or successive habeas corpus petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider such second or successive application. 28 U.S.C. § 2244(b)(3)(A).[1]

---

[1] 28 U.S.C. §2244(b)(3) provides, in part, as follows:

\* \* \*

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Liriano v. U.S.*, 95 F.3d 119 (2d Cir. 1996), the Second Circuit discussed the procedure to be followed where a second or successive application is filed by a state prisoner unaccompanied by the required § 2244(b)(3) motion. That Court held:

> [W]hen a second or successive petition . . . is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.

*Id*. at 123.

Since Petitioner has previously filed a petition seeking habeas relief under § 2254 concerning the convictions at issue in the present petition, and he has not obtained the authorization discussed above permitting this Court to consider the second petition, the Court must transfer the remaining portion of this petition to the Second Circuit. *Liriano,* 95 F.3d at 123; *see also Corrao v. U.S.*, 152 F.3d 188, 191 (2d Cir. 1998) (once a District Court determines that a petition is second or successive, it must transfer it to the appropriate Circuit; the District Court may not reach the merits of an uncertified second or successive petition since doing so "impermissibly circumvents the AEDPA's gatekeeping provisions").[2] The Second Circuit has stated that "the authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived." *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003).

---

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. §2244(b)(3)(A).

[2] In *Corrao*, the District Court had dismissed the petition as time-barred rather than transferring it to the Circuit.

5

THEREFORE, it is

ORDERED, that

1. Petitioner's challenge to the execution of his sentence (Ground 2 of the petition) is DISMISSED, without prejudice, for the failure of petitioner to exhaust available state court remedies;

2. The remaining portion of this action (Ground 1 of the petition) is transferred to the United States Court of Appeals for the Second Circuit for the reasons stated above; and

3. The Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:   June 22, 2007
         Utica, New York.

United States District Judge

6